# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

LISA MURPHY,                                                                                             PLAINTIFF
ADC #760343

v.                                              3:20CV00292-DPM-JTK

FAUST, et al.                                                                                           DEFENDANTS

## ORDER

Plaintiff Lisa Murphy is a state inmate who filed a Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> in order to commence a <u>pro</u> <u>se</u> federal civil rights action without prepayment of the $400.00 filing fees and costs (Doc. No. 1).[1]   However, her Motion will be denied because she has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action <u>in</u> <u>forma</u> <u>pauperis</u> still must pay the full amount of the $350 filing fee.**   See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.   See 28 U.S.C. § 1915A.   **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid,

---

[1] Effective May 1, 2013, the civil filing fee increased to $400, due to the implementation of a $50 administrative fee.    This $50 fee does not, however, apply to plaintiffs who are granted <u>in</u> <u>forma</u> <u>pauperis</u> status.

1

**the prisoner is required to submit a calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>.** This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. See **28 U.S.C. § 1915(a)(2).** However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

IT IS, THEREFORE, ORDERED that

1. Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 1) is DENIED without prejudice.

2. Plaintiff shall submit either the $400 statutory filing fee or a completed <u>in forma pauperis</u> application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

3. The Clerk shall send to Plaintiff an <u>in forma pauperis</u> application and calculation sheet.

4. Service is not appropriate at this time.

IT IS SO ORDERED this 1st day of October, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."   #